**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PASKENTA BAND OF NOMLAKI INDIANS; PASKENTA ENTERPRISES CORPORATION, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> INES CROSBY; JOHN CROSBY; LESLIE LOHSE; LARRY LOHSE; TED PATA; JUAN PATA; CHRIS PATA; SHERRY MYERS; FRANK JAMES; UMPQUA BANK; UMPQUA HOLDINGS CORPORATION; CORNERSTONE COMMUNITY BANK; CORNERSTONE COMMUNITY BANCORP; JEFFERY FINCK; GARTH MOORE; GARTH MOORE INSURANCE AND FINANCIAL SERVICES, INC.; ASSOCIATED PENSION CONSULTANTS, INC.; HANESS & ASSOCIATES, LLC; ROBERT M. HANESS; THE PATRIOT GOLD & SILVER EXCHANGE, INC.; NORMAN R. RYAN; QUICKEN LOANS, INC., Nominal Defendant; CRP 111 WEST 141ST LLC, Nominal Defendant; CASTELLAN MANAGING | No. 15-16654 <br><br> D.C. No. 2:15-cv-00538-GEB-CMK <br><br> MEMORANDUM[*] |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

MEMBER LLC, Nominal Defendant; CRP WEST 168TH STREET LLC, Nominal Defendant; CRP SHERMAN AVENUE LLC, Nominal Defendant,

Defendants - Appellees.

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Argued and Submitted March 18, 2016
San Francisco, California

Before: KLEINFELD, RAWLINSON, and HURWITZ, Circuit Judges.

Plaintiff-Appellants Paskenta Band of Nomlaki Indians and Paskenta Enterprises Corporation (collectively the Tribe) appeal from the district court's denial of a motion for preliminary injunction to freeze the assets of Defendant-Appellees Ines Crosby, John Crosby, Leslie Lohse, and Larry Lohse (collectively Defendants). The Tribe contends that the district court abused its discretion by applying an incorrect legal standard that required a heightened evidentiary showing. Alternatively, the Tribe argues that the district court made clearly erroneous factual findings.

**1.** The district court had jurisdiction over this case. *See* 28 U.S.C. § 1362 ("The district courts shall have original jurisdiction of all civil actions, brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States.").

**2.** We review a district court's denial of a preliminary injunction for abuse of discretion. *See Cascadia Wildlands v. Thrailkill*, 806 F.3d 1234, 1240 (9th Cir. 2015). However, to enable meaningful appellate review, a district court must set forth findings of fact and conclusions of law supporting its order granting or denying a preliminary injunction. *See* Fed. R. Civ. P. 52(a)(2) ("[I]n granting or refusing an interlocutory injunction, the court must . . . state the findings and conclusions of law that support its action."). Because the district court order in this case does not meet this standard, we "remand for further findings of fact and conclusions of law" "to permit meaningful review." *Fed. Trade Comm'n v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1212 (9th Cir. 2004), *as amended*.

In assessing whether the Tribe has met its burden under *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), the district court should explain, on an individualized basis, why the evidence does or does not show a likelihood of

dissipation. *See, e.g., Rep. of the Phil. v. Marcos*, 862 F.2d 1355, 1362-64 (9th Cir. 1988); *cf. Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009). In addressing the Tribe's state law claims for constructive trust and accounting, the district court should also determine and explain whether the Tribe made specific and individualized showings that each Defendant was likely to dissipate the purportedly misappropriated assets. *See Heckmann v. Ahmanson*, 168 Cal. App. 3d 119, 136 (1985) (recognizing the availability of a constructive trust to prevent dissipation of assets).

**VACATED AND REMANDED.**